# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**FREDRICK NORRIS**  **PLAINTIFF**
**ADC #095167**

v.  No: 4:24-cv-00052-LPR-PSH

**JEROME L. EASON,** *et al.*  **DEFENDANTS**

## ORDER

Plaintiff Frederick Norris, an inmate at the Arkansas Division of Correction's Randall Williams Correctional Facility, filed a *pro se* complaint on January 22, 2024 (Doc. No. 2). His application to proceed *in forma pauperis* has been granted (Doc. No. 4).

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. The Court will not order service of process at this time. Norris alleges that Sergeant Jerome L. Eason gave him a disciplinary based on false accusations and he did not receive due process during the subsequent disciplinary proceedings. Doc. No. 2 at 5-27. He also alleges that two defendants

retaliated against him. *Id.* at 7, ¶11 & 19, ¶ 22. The Court needs more information to screen Norris' claims.

First, Norris's allegation that he received a disciplinary based on false accusations is not sufficient to state a § 1983 claim as a matter of law. *See Dixon v. Brown*, 38 F.3d 370 (8th Cir. 1994) (recognizing that "the filing of a false disciplinary charge is not itself actionable under § 1983"); *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) (same).

Second, the Court needs more information to analyze Norris's due process claims. To prevail on a Fourteenth Amendment Due Process claim, a prisoner "must first demonstrate that he was deprived of life, liberty, or property by government action." *See Phillips v. Norris,* 320 F.3d 844, 846 (8th Cir. 2003). An inmate challenging his placement in a supermax facility or segregating housing must identify the deprivation of a liberty interest to sustain a due process challenge to that assignment. *Id.* at 847; *Sandin v. Conner*, 515 U.S. 472, 484 (1995). "In order to determine whether an inmate possesses a liberty interest, we compare the conditions to which the inmate was exposed in segregation with those he or she could 'expect to experience as an ordinary incident of prison life.'" *Phillips*, 320 F.3d at 847 (quoting *Beverati v. Smith*, 120 F.3d 500, 503 (4th Cir. 1997)). The Eighth Circuit Court of Appeals has interpreted *Sandin* to mean that a prisoner's due process rights are implicated only when there have been "deprivations which work such major

disruptions in a prisoner's environment and life that they present dramatic departures from the basic conditions and ordinary incidents of prison sentences." *Moorman v. Thalacker,* 83 F.3d 970, 972 (8th Cir. 1996). An inmate generally has no liberty interest in avoiding segregated confinement and the suspension of privileges, because such punishment does not create an "atypical and significant" hardship. *Phillips*, 320 F.3d at 847; *Portly-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002). Norris alleges he was sentenced to 30 days punitive isolation and lost privileges for 60 days. Doc. No. 2 at 20, ¶28. He does not further describe the conditions he endured as a result of his disciplinary conviction. He should therefore amend his complaint to provide more facts concerning the conditions he experienced as a result of his disciplinary conviction.

Third, Norris has not described enough facts to support a retaliation claim. To succeed on a § 1983 retaliation claim, a plaintiff must prove: (1) that he engaged in a protected activity; (2) that the government official took adverse action against him that would chill a person of ordinary firmness from continuing the activity; and (3) that the adverse action was motivated at least in part by the exercise of the protected activity. *Gonzalez v. Bendt*, 971 F.3d 742, 745 (8th Cir. 2020); *Spencer v. Jackson Cnty.*, 738 F.3d 907, 911 (8th Cir. 2013). Speculative and conclusory, or *de minimis* allegations cannot support a retaliation claim. *See Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996) (per curiam). Norris claims that Lieutenant Knight

retaliated against him two weeks after his release from punitive segregation by searching his room. Doc. No. 2 at 7, ¶11. But he does not describe any protected activity concerning Knight or explain why Knight would be motivated to retaliate against him. Norris also claims that Major Lee retaliated against him by supporting Eason's false accusations because he had filed a lawsuit at some point in the past. *Id.* at 19, ¶22. Norris should provide more facts to support his allegations that Lee acted with a retaliatory motive.

Finally, to the extent Norris claims that the prison has failed to abide by or properly implement its own policies, inmates do not have a constitutionally protected right to require prison officials to comply with internal rules or procedures. *See Flick v. Alba,* 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) (federal grievance regulations providing for administrative remedy procedure do not create liberty interest in access to that procedure). *See also Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003); *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997).

Norris is cautioned that an amended complaint renders his original complaint without legal effect; only claims properly set out in the amended complaint will be allowed to proceed. In the event Norris fails to file an amended complaint conforming to this order within 30 days, the undersigned may recommend dismissal of this case. The Clerk of Court is directed to send a blank § 1983 complaint form to Norris. Norris is instructed to use this form to file his amended complaint and to

limit his statement of claim to **10 pages**.  He may not rely on grievances or other documents in lieu of a **short** and **concise** statement describing his claims.  *See* Fed. Civ. Rule P. 8(d).

  IT IS SO ORDERED this 31st day of January, 2024.

              _____
              UNITED STATES MAGISTRATE JUDGE